IN THE UNITED STATES DISTRICT COURT USDC- GREENBELT
FOR THE DISTRICT OF MARYLAND   '26 JAN 6 PM 12:00

|  |  |
|---|---|
| QUENTA ENNIS, ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 25-cv-650-LKG |
| v. ) | |
| ) | Dated: January 5, 2026 |
| PRINCE GEORGE'S COUNTY, MD, et al. ) | |
| Defendants. ) | |

## MEMORANDUM

Self-represented Plaintiff Quenta Ennis, who is currently incarcerated in Jessup Correctional Institution, in Jessup, Maryland, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Officer Kenneth Meushaw,[1] Officer Jeremy Burch, Prince George's County Police Department ("PGPD"), and Prince George's County. ECF No. 1. On July 14, 2025, Defendant Prince George's County Police Department filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 16. Ennis opposes the Motion. ECF No. 22, 23, 31. Upon review of the Motion and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2025). For reasons that follow, Prince George's County Police Department's Motion to Dismiss will be granted and the Complaint against the remaining Defendants will be dismissed without prejudice. Additionally, several non-dispositive motions have been filed, which are addressed in turn.

### Background

Ennis alleges that on May 23, 2023, he stopped his vehicle in a fire lane in front of his apartment building to unload groceries. ECF No. 1 at 4. After he unloaded his groceries and was ready to move the vehicle Officer Meushaw of the PGPD pulled in front of Ennis's vehicle, blocking him from leaving the fire lane. *Id.* at 6. After Officer Meushaw took Ennis's license and registration, he stated that he smelled marijuana, opened Ennis's car door, and directed Ennis to exit the car. *Id.* Once Ennis was removed from the vehicle, Officer Meushaw noticed Ennis had a gun. *Id.* Officer Meushaw made a call over the walkie talkie and Officer Jeremy Burch walked

---

[1] The Clerk shall amend the docket to reflect the full and complete spelling of Defendants' names.

around from the other side of his car. *Id.* at 6. Ennis states that at that moment he "knew he was racially profiled due to the fact the area in which [he] was living in at the time of [his] arrest [was] predominately black." *Id.* Additionally, Ennis explains that after reviewing the body camera footage, he discovered that Officer Meushaw did not ask for back up before he got out of his patrol car. *Id.* In Ennis's view this demonstrates he was targeted by Meushaw and Burch as he drove down Marlboro Pike. *Id.* As a result of the incident, Ennis was taken into custody and ultimately sentenced to five years' incarceration. *Id.* Ennis maintains that he was illegally searched and seized. *Id.* at 7. He states that the officers used the odor of burning marijuana as probable cause in violation of his rights under the Fourth Amendment. *Id.*

In his Supplemental Complaint, Ennis restates the facts surrounding his stop and further asserts that Meushaw and Burch's "illegal search and seizure was foreseeable or expected by PGPD and Prince George's County." ECF No. 10 at 6-7. Ennis claims that PGPD hired Meushaw and Burch, and they acted as PGPD's agents, servants and employees and PGPD "provided deliberately indifferent training polices" to Meushaw and Burch. *Id.* at 7. Ennis also claims that PGPD "provided deliberately indifferent supervision and discipline to the two officers and were deliberately indifferent in hiring them and in failing to adopt policies to prevent constitutional violations. *Id.* Ennis asserts that Meushaw and Burch "acted intentionally and/or recklessly with deliberate disregard for the constitution and common law rights of Plaintiff and in intentional or reckless disobedience of PGPD regulations." *Id.* at 8.

As causes of action, Ennis contends that the actions of Meushaw and Burch violated his rights under the Fourth Amendment, constituted false arrest and imprisonment and the intentional infliction of emotional distress. He claims that PGPD and Prince George's County are liable under the theory of respondeat superior. He further asserts that all Defendants violated his rights under the Maryland Declaration of Rights.

Ennis seeks compensatory and punitive damages as well as attorney's fees and costs. *Id.* at 12-13.

As a result of the incident, Ennis was charged in the Circuit Court for Prince George's County with possession of a firearm by a convicted felon, illegal possession of a firearm, possessing a loaded handgun in a vehicle, and possessing a loaded handgun on a person.[2] *See*

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be

2

*State of Maryland v. Ennis*, Criminal No. C-16-CR-23-1648 (Cir. Ct. Pr. George's Cty.) (https://mdecportal.courts.state.md.us/ (last visited Dec. 31, 2025)). Ennis moved to suppress the evidence in that case, arguing that his search and seizure was unlawful. *Id.*, (Sept. 23, 2023 Criminal Motion). On October 13, 2023, after a hearing on the motion, the motion was denied. *Id.* On October 19, 2023, Ennis entered a guilty plea to the charge of felon in possession of a handgun. *Id.* (Oct. 19, 2023 hearing sheet). On January 12, 2024, Ennis was sentenced to a five-year term of confinement with credit for 254 days' time served. *Id.* His conviction has not been vacated or overturned. *Id.*

PGPD moves to dismiss the Amended Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion will be granted. Defendants Prince George's County and Officer Meushaw have Answered the Complaint. ECF Nos. 17 and 30. Service has not been effected on Defendant Burch. Nevertheless, for the reasons discussed below the Complaint must be dismissed against Prince George's County, Officer Meushaw and Officer Burch.

**Non-Dispositive Motions**

Pending are several non-dispositive Motions filed by Ennis, which are considered in turn.

Ennis filed a second Motion for Leave to Proceed in Forma Pauperis (ECF No. 6) which is denied as moot, because Ennis was previously granted leave to proceed in forma pauperis.

Ennis also filed a Motion to Dismiss (ECF No. 14), wherein he seeks to "dismiss" the Order of Default he improperly filed with the Clerk of Court. The documents regarding Ennis's request for a default judgment were returned to him (*see* ECF No. 13) as improperly filed. As such, there are no default orders or motions to dismiss, and Ennis's Motion is denied.

Ennis's Motion for Extension of Time (ECF No. 15) is also denied. Ennis erroneously believed he needed an extension of time to serve Defendants with the Complaint. But because Ennis is incarcerated and was granted leave to proceed in forma pauperis, service proceeded pursuant to *In Re State Prisoner Litigation*, Misc. No. 00-308, Standing Order 2012-01 (D. Md. 2012). *See* ECF No. 9.

Ennis also filed a Motion for Extension of Time and Discovery wherein he seeks the body camera footage from Officers Meushaw and Burch. ECF No. 20. But Ennis indicates in

---

questioned." Fed. R. Civ. P. 201(b). This Court takes judicial notice of facts available on the dockets for Ennis's state criminal proceedings.

3

both his initial complaint (ECF No. 1 at 6) and response in opposition to the motion to dismiss that he has reviewed the body camera footage. ECF No. 22 at 14. Moreover, there has been no Scheduling Order issued in this case setting forth deadlines for discovery. *See* Local Rule 803.1 (D. Md. 2025). Absent a Scheduling Order, the parties are not ordinarily entitled to engage in discovery. *Id.* In the context of the pending Motion to Dismiss, this Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). This Court may not convert a motion to dismiss to one for summary judgment *sua sponte* unless it gives notice to the parties that it will do so. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint. *See Edwards v. Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The pending motion filed by Defendant PGPD does not seek summary judgment in the alternative, rather it simply seeks dismissal under Fed. R. Civ. P. 12(b)(6). Thus, even if Ennis had supported his request for discovery with an affidavit pursuant to Fed. R. Civ. P. 56(d), it is only appropriate where a Motion for Summary Judgment has been filed and where the nonmovant, Ennis in this instance, "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). Thus, Ennis's request for discovery is improperly filed and it shall be denied.

Next Ennis filed a "Motion to Proceed Pro Se" wherein he recounts his efforts to file a tort claim against Prince George's County and asks that he be allowed to proceed with the instant case. ECF No. 21. The Court makes no findings regarding Ennis's efforts to preserve his rights under the Maryland State or Local Government Tort Claims Acts. He is, however, permitted to proceed pro se in this matter, and to that extent the motion is granted.

Ennis's Motions to Supplement his Opposition Response (ECF Nos. 23, 27, and 31) are granted. The arguments contained in his supplements have been considered by the Court.

Ennis also filed a Motion for Default (ECF No. 24) as well as a copy of the Motion for Default which was inadvertently docketed as a second Motion for Default (ECF No. 25). In the Motion, Ennis complains that Defendants did not file a reply to his response in opposition to PGPD's Motion to dismiss. He is correct that Defendant PGPD did not reply to his opposition. However, he is mistaken in his belief that Defendant PGPD was required to do so. As such, the Motions for Default (ECF Nos. 24 and 25) are denied.

Plaintiff's Motion to Appoint Counsel (ECF No. 26)[3] is denied because, for the reasons discussed below, the case must be dismissed.

## Standards of Review

Defendant PGPD moves to dismiss the Amended Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the Motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to Nichols. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

---

[3] A supplemental Motion to Appoint Counsel (ECF No. 28) was also docketed, but review of that document reveals that it is a copy of the initial Motion.

Additionally, sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

While self-represented pleadings are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), for the reasons that follow, Ennis's complaint must be dismissed.

## Discussion

A plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also Filarsky v. Delia*, 566 U.S. 377 (2012). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)).

### A. Prince George's County Police Department

Defendants argue that PGPD is not an entity capable of being sued. This Court agrees. *See* 42 U.S.C. § 1983;[4] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting

---

[4] Section 1983 states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis added).

that for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"); 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). Maryland law determines whether an entity possesses the legal capacity to be sued. *See Chrysler Credit Corp. v. Superior Dodge, Inc.*, 538 F.2d 616, 617–18 (4th Cir. 1976). PGPD is a department within Prince George's County and not a separate entity subject to suit. *See Borkowski v. Baltimore Cnty., Maryland*, 414 F. Supp. 3d 788, 804 (D. Md. 2019) (dismissing Baltimore County Police Department as a defendant because it is not *sui juris* and is merely an agency of Baltimore County) (citing *James v. Frederick Cnty. Pub. Sch.*, 441 F. Supp. 2d 755, 758 (D. Md. 2006) (internal citations omitted)). Ennis's complaint against PGPD is dismissed.

### B. PGPD Officers Meushaw and Burch and Prince George's County

Review of Maryland Judiciary Record Search demonstrates that Ennis pleaded guilty to felon in possession of a firearm in the Circuit Court for Prince George's County on October 18, 2023, and was sentenced to a term of five years' incarceration. His conviction stands.

Here, Ennis is pursuing a civil action based on alleged deficiencies in his criminal case in state court. Such a cause of action is prohibited under the Supreme Court's decision in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable under 42 U.S.C. § 1983 unless and until the conviction is reversed, expunged, invalidated, or impugned, and, therefore, complaints containing such claims must be dismissed without prejudice. *Id.* Accordingly, Ennis's claims will be dismissed without prejudice. Unless and until the conviction is invalidated, this claim cannot be pursued.

Additionally, municipal liability may not be premised on a theory of respondeat superior. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "[A] municipality is liable only for its *own* illegal acts." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014). Under *Monell*, a municipality may be liable under § 1983 only when its "policy or custom" causes a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, (1978). A municipal policy or custom may be established:

> (1) through an express policy, such as a written ordinance or regulation;(2) through the decisions of a person with final policymaking authority;(3) through an omission, such as a failure to properly train [or supervise] officers that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

7

*Blair v. Appomattox Cnty. Sch. Bd.*, 147 F.4th 484, 493 (4th Cir. 2025) (internal quotation marks omitted); *see also Connick v. Thompson*, 563 U.S. 51, 60–61 (2011).

To the extent Ennis asserts a failure-to-train claim such a claim triggers municipal liability only where "the failure to train amounts to deliberate indifference to the rights of persons with whom [municipal employees] come into contact." *Harris*, 489 U.S. at 388 "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (cleaned up). Deliberate indifference may be demonstrated by either pointing to "a pattern of similar constitutional violations" by employees to demonstrate deliberate indifference on the part of policymakers (*id.* at 62) or where a single, isolated incident shows the need for training with respect to an officer's conduct was "plainly obvious." *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000) (citing *Harris*, 489 U.S. at 390 n. 10).

Additionally, causation must be plead. Simply establishing "that a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [municipality]." *Harris*, 489 U.S. at 390. Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* at 385; *see also Monell*, 436 U.S. at 694 (a municipal policy must be the "moving force [behind] the constitutional violation").

Ennis has failed to plausibly allege "a pattern of similar constitutional violations" or that the need for further training was "plainly obvious." Instead, Ennis alleges that due to the large number of black residents in his neighborhood he was improperly profiled. The Complaint as supplemented makes no mention of the type or scope of training the officers received, identifies no prior incidents, and provides no facts describing any alleged deficiencies in the officers' training. In short, there are no facts from which the Court could infer a direct connection between any purported failure to train and Ennis's detention and arrest. Ennis's conclusory assertions do not satisfy federal pleading standards.

Similarly, Ennis's failure-to-supervise claim is also unavailing. To state a failure-to-supervise claim under *Monell*, a plaintiff must plausibly allege (1) that policymakers had actual or constructive knowledge that their subordinates were engaged in conduct posing a pervasive and unreasonable risk of constitutional injury; (2) that their response evidenced deliberate indifference or tacit authorization; and (3) a causal link between the inaction and Plaintiff's alleged injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (citing *Shaw v. Stroud*,

8

13 F.3d 791, 798 (4th Cir. 1994)). A "pervasive and unreasonable risk" requires allegations of widespread conduct occurring on several occasions. *Id.* Here Ennis fails to identify similar incidents, does not assert that PGPD supervisors were aware of a pattern of wrongful stops or arrest, and provides no allegations tying any policymaker's actions or inactions to his detention or arrest. In the absence of well-pled facts supporting each element, his failure-to-supervise claim does not cross the line from possible to plausible under *Twombly* and *Iqbal.*

To the extent Ennis asserts that Prince George's County maintains a policy of racial profiling or illegal stops of vehicles his assertion is unsupported by factual allegations from which such a policy or custom could be inferred. *See Brown*, 520 U.S. at 415. Ennis pleads only his own single encounter and offers conclusory allegations regarding common practices in the community. Such "[t]hreadbare recital [] of the elements" cannot establish deliberate indifference or the existence of any widespread practice. *Iqbal*, 556 U.S. at 678.

### C. State Law Claim

To the extent that Ennis raises a state law tort claim for the intentional infliction of emotional distress, this Court declines to exercise supplemental jurisdiction over any such claim. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966)). Ennis's state law claim is dismissed without prejudice.

### III. CONCLUSION

By a separate Order to follow, the Motion to Dismiss filed by PGPD is granted, and the Complaint is dismissed without prejudice as to Defendants Meushaw, Burch, and Prince George's County.

January 6, 2026
Date

LYDIA KAY GRIGGSBY
United States District Judge